UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CHESTARO, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-cv-610 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| CITY OF GRAND RAPIDS, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| | ) |

This is a civil action brought by a *pro se* plaintiff. The only named defendant is the City of Grand Rapids, identified in the caption as "Grand Rapids State." Plaintiff's handwritten complaint contains these allegations, set forth verbatim:

> Honorable Court
>
> My name is Larry Chestaro Social Security xxx-xx-4435. the reason for this request is the next 1997 in a was issued retention of potential earnings or real find for mentally disable not understand my condicion.
> for years which caused me a great economic problems in my file and family understand my personal condicion and the reason for this condicion, reason I go to court is asking me turn my economic earnings accumulated through the years.
> Att Larry Chestaro 6-4-13
> Chase Bank account number xxxx-2361.

(Compl., docket # 1).

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

The presence or absence of jurisdiction is the "first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Id*. The presumption is that a federal court lacks jurisdiction in a particular case until it has been affirmatively demonstrated. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be alleged in the complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); FED. R. CIV. P. 8(a)(1).

In general, the federal district courts have subject-matter jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). The complaint contains no indication that either source of jurisdiction exists in the present case. Plaintiff identifies himself as a resident of the City of Grand Rapids. Therefore, diversity of citizenship cannot exist between him and the city itself. Plaintiff's complaint does not identify any federal right that he seeks to vindicate, nor do the disjointed facts alleged suggest any

abridgment of the federal Constitution or laws. Plaintiff apparently believes that the city owes him money for some reason, but beyond that the nature of his claim is impossible to discern.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction.


Dated: June 17, 2013              /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).